# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS MUNGUIA,<br><br>Petitioner,<br><br>v.<br><br>JIM ROBERTSON,<br><br>Respondent. | Case No. 1:18-cv-00743-AWI-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND ALLOW PETITIONER TO PROCEED WITH EXHAUSTED CLAIMS<br><br>(ECF No. 12) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

On May 31, 2018, Petitioner filed the instant federal petition for writ of habeas corpus. (ECF No. 1). In the petition, Petitioner challenges his 2014 Kern County Superior Court conviction for first-degree burglary. Petitioner asserts the following claims for relief: (1) the evidence was insufficient to support the first-degree burglary conviction on the basis that the house was not an inhabited dwelling; (2) the erroneous admission of Petitioner's prior burglary conviction; (3) the evidence was insufficient as a matter of law to support the jury's true finding of the "person present" allegation; (4) instructional error; and (5) ineffective assistance of trial counsel for failure to request a more detailed jury instruction. (ECF No. 1 at 4–6).[1]

---
[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

On July 31, 2018, Respondent filed a motion to dismiss the petition as it contains unexhausted claims. (ECF No. 12). On August 20, 2018, Petitioner filed his response to the motion to dismiss along with an amended petition. (ECF No. 15).

## II.

## DISCUSSION

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

Respondent has lodged state court records that demonstrate Petitioner only presented claims 1 and 3 to the California Supreme Court. (LD[2] 5). In his response, Petitioner agrees that only two of the claims raised in his federal habeas petition were presented to the California Supreme Court. (ECF No. 15 at 2). Given that Petitioner has not sought relief in the California Supreme Court on the remainder of his claims, this Court cannot proceed to the merits of said claims. 28 U.S.C. § 2254(b)(1).

Petitioner has presented the Court with a mixed petition containing both exhausted and unexhausted claims. The Ninth Circuit has "repeatedly warned the district courts that they 'may not dismiss a mixed petition without giving the petitioner the opportunity to delete the unexhausted claims.'" Dixon v. Baker, 847 F.3d 714, 719 (9th Cir. 2017) (quoting Valerio v. Crawford, 306 F.3d 742, 770 (9th Cir. 2002)). See Rhines v. Weber, 544 U.S. 269, 278 (2005) ("[I]f a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would

---

[2] "LD" refers to the documents lodged by Respondent on July 31, 2018. (ECF No. 13).

unreasonably impair the petitioner's right to obtain federal relief."). Here, Petitioner "requests that this Court proceed forward in adjudicating the merits of his exhausted claims only." (ECF No. 15 at 3). Petitioner also has filed a first amended petition containing only the two exhausted claims. (ECF No. 15 at 4–10).

### III.
### RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 12) be GRANTED; and
2. Petitioner be allowed proceed with the fully exhausted first amended petition.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30)** days after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **August 31, 2018**

UNITED STATES MAGISTRATE JUDGE